UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES RAY GUIDEN** | **CIVIL ACTION NO. 08-530-P** |
| **VERSUS** | **JUDGE HICKS** |
| **LOIS J. HARRIS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Charles Ray Guiden ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 10, 2008. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and he complains his civil rights were violated by prison officials. He names Lois J. Harris and the Caddo Correctional Center Mail Room as defendants.

Plaintiff claims that on February 13, 2008, he received legal mail addressed to him which had been opened outside of his presence. He claims Lois J. Harris told him that his legal mail was opened prior to being received at Caddo Correctional Center. He claims his legal mail was delayed for 26 days. Plaintiff claims that because of the 26 day delay, he missed a court deadline in a discrimination case.

Plaintiff claims the discrimination case in which he missed a deadline is <u>Guiden v. Prator, Et Al.</u>, 5:07-cv-370, which was filed in this Court on February 26, 2007. He claims that he had a seven (7) day deadline which he failed to meet because his legal mail was delayed for 26 days. He claims that because he missed the deadline, Defendants' motion for summary judgment was granted. Plaintiff claims Harris should have returned the opened mail to the sender. He claims that because she failed to returned the opened mail, he was denied access to the court.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Mail Claim**

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech--i.e., the right to be free from unjustified governmental interference with communication." <u>Brewer v. Wilkinson,</u> 3 F.3d 816, 820, (5th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed 2d 39 (1994). In determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest. <u>Brewer</u>, 3 F.3d at 824.

The Fifth Circuit has held that in order to prevent the sending of contraband, prison authorities may open a prisoner's mail for inspection. <u>Jackson v. Cain</u>, 864 F.2d 1235, 1244

(5th Cir. 1989) citing Guajardo v. Estelle, 580 F.2d 748, 759 (5th Cir. 1978).

Plaintiff does not allege that prison officials opened his incoming but rather that his legal mail was opened prior to receipt by prison officials and prison officials failed to return the mail to sender. This does not rise to the level of a constitutional violation. Brewer at 825. Thus, Plaintiff has failed to state a claim for relief under Section 1983 and his claim should be dismissed as frivolous.

**Access to the Courts Claims**

Plaintiff claims prison officials failed to return his opened legal mail to sender. He claims that as a result, his mail was delayed and he failed to meet a court deadline and Defendants' motion for summary judgment was granted. Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a

prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. On December 13, 2007, Defendants filed a motion for summary judgment in case # 5:07-cv-370 (Doc. 56). On December 20, 2007, Plaintiff filed a statement of undisputed fact (Doc. 60). On January 2, 2008, Defendants filed an objection to Plaintiff's statement of undisputed fact (Doc. 61). On January 3, 2008, Plaintiff filed a memorandum in opposition to Defendants' motion for summary judgment (Doc. 62). On January 9, 2008, Plaintiff filed a reply to Defendants' reply regarding his statement of undisputed fact (Doc. 63). On January 17, 2008, Defendants filed a reply to Plaintiff's reply to their motion for summary judgment (Doc. 64). On July 23, 2008, the Undersigned issued

a Report and Recommendation recommending that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted (Doc. 77). On August 6, 2008, Plaintiff filed an objection to the Report and Recommendation (Doc. 79).

On August 18, 2008, Defendants filed a response to Plaintiff's objection (Doc. 81). On August 22, 2008, Plaintiff filed a response to Defendants' objections (Doc. 82). On August 25, 2008, the Court issued a judgment after considering the objections filed by Plaintiff and denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment (Doc. 83). It is clear from the record in #5:07-cv-370 that Plaintiff was able to present his objections regarding Defendants' motion for summary judgment to this Court and that he was not penalized for missing a deadline. Thus, Plaintiff has failed to state any actual injury.

Accordingly, Plaintiff's claims regarding the denial of access to the court should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a

claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2 day of September 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE